United States District Court
District of Minnesota

| | |
|---|---|
| Adam Revier,<br><br>Plaintiff,<br><br>v.<br><br>Performant Recovery, Inc.,<br><br>Defendant. | Court file no. _____<br><br>**Complaint**<br><br>**JURY TRIAL DEMANDED** |

## Jurisdiction

1. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p ("FDCPA") and the California Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788 *et seq.* ("RFDCPA"), in its illegal efforts to collect a consumer debt.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper because the acts and transactions occurred in Minnesota, Plaintiff resides in Minnesota, and Defendant transacts business in Minnesota.

**Parties**

4. Plaintiff Adam Revier is a natural person who resides in the city of Circle Pines, county of Anoka, state of Minnesota, and is a "consumer" as defined by 15 U.S.C. § 1692a(3).

5. Defendant Performant Recovery, Inc. ("Performant") is a foreign corporation and collection agency with a principal address of 333 North Canyons Parkway, #100, Livermore, CA 94551, and its registered agent in Minnesota of CT Corporation System, Inc., 100 South 5th Street #1075, Minneapolis, MN 55402. Performant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

**Factual Allegations**

6. On or before 1996, Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5), Federal Stafford Loan as defined by 34 C.F.R. § 682.100a(1), which was used for personal, family, or household purposes.

7. Plaintiff's alleged "debt" was money, property, or their equivalent, which was due or owing, or alleged to be due or owing, from a natural person to another person, and was therefore a "debt" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code § 1788.2(f).

8.  Sometime thereafter, the debt was consigned, placed or otherwise transferred to Defendant for collection from Plaintiff.

### Defendant Performant Contacts Plaintiff's Workplace

9.  On or about October 9, 2013, Defendant Performant contacted Plaintiff's workplace by phone in an effort to collect this debt, which was communication in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

10. While at work on October 9, 2013, Plaintiff's supervisor handed him a note. The note contained the name of Defendant Performant, its collector Ms. Atkins, and a return phone number, or words to that effect.

11. Plaintiff was told by his supervisor that Ms. Atkins needed to speak with him regarding an "urgent matter" and that she was looking for Plaintiff, or words to that effect.

12. Plaintiff was told by his supervisor that Ms. Atkins wanted to know where he was, or words to that effect.

13. Plaintiff was told by his supervisor that Ms. Atkins said that someone gave her the supervisor's number, or words that effect.

14. Plaintiff's supervisor was concerned about the message from Ms. Atkins and asked Plaintiff if it was going to be an ongoing problem, or words to that effect.

15. Plaintiff felt anxious and embarassed that Ms. Atkins had contacted his workplace and had involved his supervisor.

16. The FDCPA does not allow debt collectors to leave messages with third parties and this collection call was a collection communication in violation of numerous and multiple provisions of the FDCPA, including, but not limited to 15 U.S.C. §§ 1692b(1), 1692d, 1692e, and 1692e(10), among others.

17. Shortly thereafter, Plaintiff returned Ms. Atkins call, and this call became a communication became a communication in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

18. Plaintiff spoke with Ms. Atkins, a collector employed by Defendant Performant, and told her to stop calling his workplace, or words to that effect.

19. Ms. Atkins then began attempting to collect the debt, and Plaintiff explained he could not talk during work hours, or words to that effect.

20. Ms. Atkins ignored Plaintiff and continued to collect the debt and began discussing a potential loan rehabilitation agreement for the debt, or words to that effect.

21. Ms. Atkins then began asking Plaintiff about where he did his banking, or words to that effect.

22. The federal regulations pertaining to loan rehabilitation agreements do not require information about a borrower's banking instituation in order to negotiate a rehabilitation agreement. See 34 C.F.R. § 682.405 *et seq*.

23. Ms. Atkins requested that Plaintiff provide three references while discussing a potential loan rehabilitation, or words to that effect.

24. Ms. Atkins requirement that Plaintiff provide three references in order to enter into a rehabilitation program pursuant to 34 C.F.R. § 682.405 et seq., was an unfair, false, and deceptive act in violation of the student loan rehabilitation rules and in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692e, 1692e(10), and 1692f, amongst others.

25. Plaintiff reiterated that he could not talk at that time, and provided his cellular telephone number to Ms. Atkins and told her to call that number another time, or words to that effect.

26. Soon thereafter, the call ended.

27. The above-described collection communications made to Plaintiff by Defendant Performant, were false, deceptive and illegal attempts to collect this debt from Plaintiff in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692b(1), 1692d, 1692e, 1692e(10), amongst others.

**Defendant Calls Plaintiff's Workplace Again**

28. On or about October 16, 2013, Defendant Performant contacted Plaintiff's workplace by phone in an effort to collect this debt, which was communication in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

29. Ms. Atkins called another employee at Plaintiff's workplace – a different employee than she had previously spoken with.

30. Ms. Atkins said she was looking for Plaintiff and provided her name and callback number, or words to that effect.

31. Plaintiff had previously told Defendant to stop calling him at work.

32. The FDCPA does not allow debt collectors to leave messages with third parties.

33. The above-described collection communication made to Plaintiff by Defendant Performant, was a false, deceptive and illegal attempt to collect this debt from Plaintiff in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692c(a)(1), 1692c(a)(3), 1692d, 1692e, 1692e(10), and 1692f, amongst others.

**Defendant Performant Misleads Plaintiff Again**

34. On or about October 21, 2013, Plaintiff spoke with Defendant Performant by phone, and this call was a communication in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

35. Plaintiff again spoke with Ms. Atkins and discussed a rehabilitation agreement for his student loans.

36. Ms. Atkins requested financial information from Plaintiff and also requested that he provide three references, or words to that effect.

37. Plaintiff told Ms. Atkins that he did not want to provide three references, or words to that effect.

38. Ms. Atkins explained that the government requested it, or words to that effect.

39. Ms. Atkins requirement that Plaintiff provide three references in order to enter into a rehabilitation program pursuant to 34 C.F.R. § 682.405 et seq., was an unfair, false, and deceptive act in violation of the student loan rehabilitation rules and in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692e, 1692e(10), and 1692f, amongst others.

40. Plaintiff also told Ms. Atkins that he had provided his cellphone number because he could not receive collection calls at work, or words to that effect.

41. Ms. Atkins denied that Plaintiff had ever said that, or words that effect.

42. Shortly thereafter, the call ended.

43. The above-described collection communication was a false, deceptive and illegal attempt to collect the debt from Plaintiff in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, and 1692e(10), amongst others.

## Summary

44. The above-described collection communication made to Plaintiff by Defendant Performant, was made in violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the provisions of the FDCPA and RFDCPA cited herein.

45. The above-detailed conduct by Defendant Performant of harassing Plaintiff in an effort to collect this alleged debt was a violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions of the FDCPA.

46. Plaintiff has suffered actual damages as a result of Defendant Performant's illegal conduct in the form of anxiety, emotional distress, and frustration, amongst other negative emotions.

47. Defendant Performant's illegal abusive collection communication described above was the direct and proximate cause of emotional distress on the part of Plaintiff.

### Trial by Jury

48. Plaintiff is entitled to and hereby respectfully demand a trial by jury. US Const. Amend. 7; Fed. R. Civ. P. 38.

### Causes of Action

#### Count 1:
#### Violations of the Fair Debt Collection Practices Act
#### 15 U.S.C. §§ 1692 et seq.

49. Plaintiff incorporates the foregoing paragraphs as though fully stated herein.

50. The foregoing intentional and negligent acts and omissions of Defendant Performant constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692–1692p.

51. As a result of Defendant Performant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant Performant.

#### Count 2:
#### Violations of the Rosenthal Fair Debt Collection Practices Act
#### California Civil Code § 1788 et seq.

52. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the RFDCPA as to Plaintiff, including but not limited to Cal. Civ. Code § 1788.17, amongst others.

53. As a result of Defendant's violations of the RFDCPA, Plaintiff is entitled to actual damages pursuant to California Civil Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to California Civil Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to California Civil Code § 1788.30(c), from each and every Defendant.

## Prayer for Relief

**Wherefore**, Plaintiff prays that judgment be entered against Defendant Performant for:

### Count 1:
### Violations of the Fair Debt Collection Practices Act
### 15 U.S.C. §§ 1692 et seq.

- statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

- actual damages pursuant to 15 U.S.C. § 1692k(a)(1) in an amount to be determined at trial;

- costs of litigation and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3);

**Count 2:**
**Violations of the Rosenthal Fair Debt Collection Practices Act**
**California Civil Code § 1788 et seq.**

- for an award of actual damages pursuant to California Civil Code § 1788.30(a) against each Defendant and for Plaintiff;

- for an award of statutory damages of $1,000.00 against each Defendant, pursuant to California Civil Code § 1788.30(b), and for Plaintiff;

- for reasonable attorney's fees and costs pursuant to California Civil Code § 1788.30(c); and

- for such other and further relief as may be just and proper.

Respectfully submitted,

**The Ryder Law Firm, LLC**

Date: August 20, 2014

s/Randall P. Ryder
Randall P. Ryder (#389957)
2701 University Ave SE, #209
Minneapolis, MN 55414

phone • 612.424.3770
fax • 612.605.3270
e-mail • email@theryderlawfirm.com

**Attorney for Plaintiff**

## Verification of Complaint and Certification

STATE OF MINNESOTA        )
                          ) ss
COUNTY OF HENNEPIN        )

Pursuant to 28 U.S.C. § 1746, Plaintiff Adam Revier having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorney(s) and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: 8/18/14

Adam Revier